**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
FAX: 617-223-8080

October 20, 2005

Paul G. Casey, Esq.
U.S. Attorney's Office
Donohue Federal Building
595 Main Street
Worcester, MA 01608

          Re:  U.S. v. Heriberto Rodriguez 05-40006-FDS

Dear Mr. Casey:

     Thank-you for providing the discovery in the above referenced
case.  As you know I was appointed on September 22, 2005 to
represent Mr. Rodriguez.  I understand that there was a detention
hearing.  Please provide any Jencks material which relates to that
detention hearing.

     Pursuant to Local Rule 116.3(A), I am requesting the following
discovery.

1.   <u>Statements of defendant</u>.

     In addition to reports regarding relevant statements made to
     government agents by the defendant, I request any and all
     notes regarding those statements.  This discovery clearly is
     required by Fed. R. Crim. P. 16(a)(1)(A), which provides for
     discovery of "any written record containing the substance of
     any relevant oral statement . . ."  <u>See</u> Advisory Committee
     Notes to 1991 Amendments ("The written record need not be a
     transcription or summary of the defendant's statement but must
     only be some written reference which would provide some means
     for the prosecution and defense to identify the statement").

2.   Books, papers, documents, photographs, tangible
     <u>objects</u>.

     In addition to items intended for use by the government as
     evidence in its case-in-chief at trial or which were obtained
     from or belonged to the defendant, we request the following

FEDERAL DEFENDER OFFICE

items within the possession, custody, or control of the
government[1] which we deem material to the preparation of the
defense:

a)    originals or photographic duplicates of all photographs
      taken during the course of the crimes charged or the
      investigation conducted in the instant case, whether or
      not the government intends to use them at trial, or,
      where it is not possible to provide photographic
      duplicates, defendant requests an opportunity to inspect
      the originals and that he be provided with color
      photocopies of them;

b)    any audiotapes (**including those from the Worcester County
      House of Corrections**) or videotapes or other films, and
      copies of all transcripts of any recordings made during
      the course of the crimes charged, during any
      identification procedures conducted in this case, or
      during the investigation conducted in the instant case
      whether or not the government intends to use them at
      trial;

c)    applications for search warrants or arrest warrants made
      in the investigation of this case, any warrants  issued,
      and the returns on those warrants;[2]

---

[1]    Please note that this request, and all other requests set
forth herein, encompasses local law enforcement officers within
the scope of "law enforcement agent" and "government," as it is
my understanding that the instant indictment arose from an
investigation conducted jointly by the federal government and the
Fitchburg Police Department.  It also includes other state and
municipal officers directly involved in the investigation such as
the Worcester County House of Corrections.  See United States v.
Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (finding federal
prosecutor had authority to search for exculpatory evidence in
Washington, D.C. Metropolitan Police Department's homicide and
internal affairs file).

[2]    Unlike the local rules, this request is intended to reach
all search warrants, not just those leading to evidence that the
government intends to introduce in its case-in-chief.

FEDERAL DEFENDER OFFICE

    d)    photographic duplicates of photographs shown to any witnesses;

    e)    any chart, summary, diagram, or map that will be used by the government at trial or that was created, marked, or reviewed by any witness during the investigation of this case and/or during any grand jury testimony,

    f)    notification of all items pertaining to these charges recovered from the crime scenes, from any cooperating witness (including audio cassette recordings) or taken from defendant or seized during any searches of premises controlled by or belonging to defendant;

2.    Reports of physical or mental examinations, and <u>scientific tests or experiments</u>.

    Reports of all such examinations, tests, or experiments material to the case which are known, or by the exercise of due diligence may become known, to the government, including the worksheets, data, graphs, notes, work papers, other documents recording results, and the testing protocols, of any examinations, tests or experiments. This request includes, but is not limited to, **fingerprint examinations or comparisons and notification as to whether any tests were attempted to recover fingerprints or palm prints from any items including the firearm and /or the ammunition regardless of the results of such tests**. Copies of all fingerprints and palmprints lifted from any surface during this investigation, all photographs taken of any fingerprints and all sketches or other documents identifying the precise location from which the fingerprints and palmprints were taken.

3.    <u>Information concerning identifications</u>.

    Names and addresses of all witnesses (including police officers) who made any identification of the defendant (corporeal, photographic or by voice), the time, place and circumstances where such identification was made, and copies of any reports or documentation of any identification;

4.    <u>Interviews of persons not called as witnesses</u>.

    All memoranda and reports of government law enforcement agencies made during the investigation and prosecution of this

**FEDERAL DEFENDER OFFICE**

case from interviews with persons not expected to be witnesses.

5.    Expert Testimony.

With respect to any witness the government proposes will give expert testimony:

a)    the names and addresses of such expert witnesses;

b)    the opinion of such witness

c)    the basis and reasons for the opinions offered; and

d)    the witness's qualifications for offering such opinions including any prior cases in which the witness has been qualified as an "expert."

6.    Exculpatory Evidence.

a)    any and all information regarding lost or destroyed evidence;

b)    any and all information regarding the presentation of arguably privileged information to the grand jury;

c)    all information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action, disciplinary action or criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant. In United States v. Garrett, 542 F.2d 23 (6th Cir. 1976), the court reversed a conviction where the district court foreclosed discovery as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis.  Such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from duty] lifted."  Id. at 26.  See also United States v. Brooks, 966 F.2d at 1503 (government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division

-4-

FEDERAL DEFENDER OFFICE

files); <u>United States v. Henthorn</u>, 931 F.2d at 31
(government's failure to examine personnel files upon a
defendant's request for production of exculpatory
material was reversible error); and

d)   Any promises rewards or inducements offered to the
     defendant in order to elicit statements from the
     defendant.

e)   whether any promises, rewards, and/or inducements have
     been given to any witness. The Local Rule requires a
     "statement ... identifying ... each promise, reward, or
     inducement."  Local Rule 116.2(B)(1)(c).  Consistent with
     the rule, you must specify <u>each</u> promise or benefit to a
     prospective witness (e.g., if a promise of non-
     prosecution for particular conduct is made to a
     prospective witness, you must identify the conduct; if
     the government does not proceed to prosecute a witness
     for unlawful conduct, you must identify the conduct);

f)   the criminal records of any witness, as well as a written
     description of any charges pending against any witness;

g)   any information regarding any substance abuse treatment
     program in which a government witness has participated,
     if known to the government.

I have no reciprocal discovery at this time.

Please call me if you have any questions about these requests
or wish to discuss them.

Sincerely,

Catherine K Byrne (sab)

Catherine K. Byrne

CKB:sab

cc:  Clerk, United States District Court
     Worcester, MA

-5-