UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CRIMINAL NO. 5-40006-FDS |
| ) | |
| HERIBERTO RODRIGUEZ      ) | |

MOTION FOR DISCOVERY

Defendant, Heriberto Rodriguez, requests the court to order the government to provide discovery of the matters listed below, and to order that such discovery be made as soon as reasonably possible, unless a specific other time for compliance is requested. As used throughout this motion, the "government" includes all state and local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of this case and the Bureau of Prisons. Local Rule 116.8; Kyles v. Whitley, 514 U.S. 419 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washington, D.C. Metropolitan Police Department's homicide and internal

affairs file); <u>United States v. Owens</u>, 933 F.Supp. 76, 86 (D. Mass. 1996).

Requests

1.  <u>Reports of all scientific tests or experiments</u>

The government responded to defendant's request for reports of scientific tests or experiments in defendant's discovery letter (October 20, 2005) with information only pertaining to the firearms' origin, and interstate nexus.  The government has provided no information regarding whether ballistics testing on the firearm and/or any ammunition was attempted or performed and the results of such tests.  The government has provided no information as to whether fingerprint testing was attempted or performed and the results of such tests.  The defendant requires this information as soon as possible in order to hire his own expert and conduct independent testing if necessary.

2.  <u>Color copies of all photographs taken during course of crime charged or during the investigation</u>

The defendant requests color photocopies of the photographs taken in this case.  The government has provided poor quality black and white photocopies of seven photographs.  The defendant is detained and needs an opportunity to review these photographs with counsel.  The United States Attorney's Office has routinely provided either actual duplicates or good quality color photocopies in other cases (including cases in which the photographs are from a Polaroid Instamatic camera).

3.  <u>Exculpatory evidence regarding Police Officers</u>

Defendant requests all information about whether any law-enforcement agent (including any Fitchburg Police officer) participating in the investigation or trial of this case has been the subject of an internal investigation, disciplinary action, or criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.  In <u>United States v. Garrett</u>, 542 F.2d 23 (6th Cir. 1976), the court reversed a conviction where the district court foreclosed discovery as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis.  Such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from duty] lifted."  <u>Id.</u> at 26.  <u>See</u> <u>also</u> <u>United States v. Brooks</u>, 966 F.2d at 1503 (government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files); <u>United States v. Henthorn</u>, 931 F.2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

The government has not responded to the defendant's request for this information.

### Certification Under Local Rule 116.3(F)

Undersigned counsel, Catherine K. Byrne, certifies that she has previously requested the above discovery by letter and has discussed discovery with the government in an attempt to eliminate or narrow the issues raised in this motion.

> HERIBERTO RODRIGUEZ
> By his attorney,
>
> /s/ Catherine K. Byrne
> Catherine K. Byrne
>    B.B.O. #543838
> Federal Defender Office
> 408 Atlantic Avenue, 3rd Floor
> Boston, MA  02110
> Tel: 617-223-8061

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 20, 2006.

> /s/ Catherine K. Byrne
> Catherine K. Byrne