```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
        v.                   )    CRIMINAL NO. 05-40006-FDS
                             )
HERIBERTO RODRIGUEZ,         )
            Defendant        )
```

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and Paul G. Casey, Assistant U.S. Attorney, and hereby files this response to the motion for discovery, filed by Defendant Heriberto Rodriguez. For the reasons stated below, the motion should be denied.

Defendant makes three requests, which the government will address in turn. First, Rodriguez claims that the government has provided no information as to whether fingerprint testing was performed and the results of any testing. There are no results to provide because no fingerprint testing has been done. The government has provided information to the defendant regarding origin and interstate nexus as well as ballistics testing, so that claim is moot.

Secondly, the defendant demands that the government make color duplicates of seven photographs that were taken by investigators during this case, citing no authority, but claiming that the US Attorney's Office routinely provides this courtesy.

1

As counsel well knows, Fed. R. Crim. P. provides as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and photocopy or photograph books papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and: 1) the item is material to preparing the defense; 2) the government intends to use the item in its case in chief; or 3) the item was obtained from or belongs to the defendant.

In the present case, the government has repeatedly invited both the present and former defense counsel to inspect any of the photographs, and has sent defense counsel photocopies of the photographs. This office has no color copier, nor does the ATF office here in Worcester. The claim that this office would routinely send color copies is without merit. The undersigned assistant has been advised that the methods used in the Boston office to comply with Rule 16 vary, including permitting defense counsel to bring a scanner to scan the photographs. This assistant has always accommodated defense counsel's reasonable requests, and will continue to do so.

Finally, defense counsel has requested exculpatory evidence relating to any and all law enforcement officers involved in the investigation. Local Rule 116.2 governs the disclosure of exculpatory evidence. There are two parts which provide for disclosure at different times. In general, at the time period designated in Local Rule 116(C)(1) (approximately 28 days from arraignment), the government is required to provide information

which would tend to negate the defendant's guilt, cast doubt on the admissibility of evidence, a witness's failure to make an identification, a witnesses criminal record, or whether any promise reward or inducement has been made to a witness.  Back in May of 2005, the government addressed these issues with prior defense counsel.  The government has since twice advised present counsel of exactly the same information provided to prior counsel, including the fact that it is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

   Defense counsel has also demanded information relating to whether any law enforcement officer may have been subject to an internal investigation, disciplinary action, or criminal investigation involving false statements, perjury, obstruction of justice, or bribery.  This type of impeaching information is governed by Local Rule 116.2 (B)(2) which requires the disclosure of any such information relating to government witnesses 21 days before trial.  There is no trial date set, and there are protocols in place within the USAO geared toward complying with the time lines of Local Rule 116.2 (B)(2).  The government is presently unaware of any such information, and will comply with Local Rule 116.2(B)(2), as well as the other Local rules and Federal Rules of Criminal Procedure.  The government is also aware of its continuing duty to disclose newly discovered

additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure and will comply accordingly.

**CONCLUSION**

For the foregoing reasons, the defendant's motion for discovery should be denied.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:   /s/ Paul G. Casey
      PAUL G. CASEY
      Assistant U.S. Attorney