UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 5-40006-FDS |
| ) | |
| HERIBERTO RODRIGUEZ ) | |

DEFENDANT'S SENTENCING MEMORANDUM

INTRODUCTION

Heriberto Rodriguez pled guilty on April 25, 2007 to a one count indictment charging him with being a felon in possession of a firearm.  Probation has determined that Mr. Rodriguez is an Armed Career Criminal subject to 18 U.S.C. § 924(e).  The Armed Career Criminal enhancement under 18 U.S.C. § 924(e) should not apply where the three convictions upon which the enhancement was based were neither proven beyond a reasonable doubt nor admitted by defendant.  Recognizing that the First Circuit has ruled in United States v. Jiminez-Beltre, 440 F.3d 514 (1st Cir. 2006), that the court must follow Almendarez-Torres v. United States, 523 U.S. 224 (1998), permitting use of prior convictions to enhance sentence without proof to a jury beyond a reasonable doubt until the Supreme Court expressly overrules it, defendant makes the below argument to preserve his rights.

Given the present state of the law, Rodriguez requests that the court impose a sentence of fifteen years (180 months) which is the minimum mandatory sentence under 18 U.S.C. § 924(e).

Under the circumstances of this case, as described in the presentence report, a fifteen year sentence is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).  <u>United States v. Booker</u>, 125 S.Ct. 738 (2005.

ARGUMENT

I.   The Armed Career Criminal enhancement under 18 U.S.C. § 924(e) should not apply where the three convictions upon which the enhancement was based were neither proven beyond a reasonable doubt nor admitted by defendant.

The defendant's three prior convictions should not be used to enhance his sentence where they were neither proven beyond a reasonable doubt nor admitted by defendant.  Without these convictions used to enhance the sentence and the guideline (4B1.4), the base offense level would be 23 (see PSR ¶ 24) and the criminal history category would be V.  See PSR ¶ 45.  Thus the Guideline sentence for the defendant would be 84-105 months (7 years - 8 years 9 months).  See PSR ¶¶ 24, 45.

The rule excepting prior convictions from a requirement of proof beyond a reasonable doubt was recognized in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998); and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  It was of questionable constitutional validity from the start, its theoretical underpinnings have now been rejected, and it appears that a majority of the Supreme Court is poised to overrule it.  The rule first recognized in <u>Almendarez-Torres</u> that

-2-

excepted prior convictions from the requirement that they be pled in an indictment was based upon a distinction between elements and sentencing factors which has since been rejected by the Supreme Court.  The Court, in later cases that have not squarely presented the issue of the requirements of proof and pleading of prior convictions, has indicated that Almendarez-Torres may have been wrongly decided and that a majority would, in an appropriate case, overturn the decision and eliminate the prior conviction exception.  See Shepard v. United States, 544 U.S. 10, 125 S.Ct. 1254 (2005).  Citing Apprendi concerns, the Shepard majority drew a distinction between the bare fact of a prior conviction, and other facts surrounding the conviction, to prohibit enhancement of a sentence under the ACC on the basis of judicial fact-finding concerning the latter.  Id.  More broadly, in a concurring opinion, Justice Thomas declared that recent Sixth Amendment jurisprudence, of which Apprendi is a part, has eroded the holding of Almendarez-Torres that a prior conviction serving to enhance the maximum sentence otherwise faced by a defendant need not be proven to a jury beyond a reasonable doubt.  Id.  Justice Thomas stated that "a majority of the Court now recognizes that Almendarez-Torres was wrongly decided."  Id.

Where a statute may be construed two ways, one of which raises doubtful constitutional issues, and the other of which avoids them, the latter construal should be adopted.  Since no

facts of any prior convictions were proved or admitted, it is error to apply 18 U.S.C. § 924(e).

                                      HERIBERTO RODRIGUEZ
                                      By his attorney,

                                      /s/ Catherine K. Byrne
                                      Catherine K. Byrne
                                          B.B.O. #543838
                                      Federal Defender Office
                                      408 Atlantic Avenue, 3rd Floor
                                      Boston, MA  02110
                                      Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

I, Catherine K. Byrne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 11, 2007.

                                      /s/ Catherine K. Byrne
                                      Catherine K. Byrne