UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
HERIBERTO RODRIGUEZ          )
   Petitioner,               )
                             )
        v.                   )        CRIMINAL NO. 5-40006-FDS
                             )
UNITED STATES OF AMERICA,    )
   Respondent.               )
```

MOTION TO CORRECT
SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, Heriberto Rodriguez, respectfully moves that this Court correct his sentence, pursuant to 28 U.S.C. § 2255. As grounds for this motion, defendant states as follows:

1.  On September 24, 2007, this Court sentenced Mr. Rodriguez to 180 months imprisonment, the mandatory minimum sentence, after determining that he was an armed career criminal under 18 U.S.C. § 924(e).  See judgment, Criminal No. 05-40006-FDS.

2.  The classification of Mr. Rodriguez as an armed career criminal resulted from three convictions:  a conviction for resisting arrest in 1999, PSR, ¶ 33, a conviction for mayhem, assault and battery by dangerous weapon and unarmed robbery in 2000, PSR, ¶ 37, and a conviction for assault and battery by dangerous weapon in 2004, PSR, ¶ 40.

3.  On March 31, 2008, the Massachusetts Appeals Court reversed the denial of a motion for a new trial in the 2004 conviction for assault and battery by dangerous weapon and

remanded the matter for a new trial.  <u>See</u> Notice of Docket Entry
and decision in case no. 07-P-801, attached hereto as Exhibit A
and denial of Commonwealth's Application for Further Appellate
Review, attached hereto as Exhibit B.  The conviction was vacated
based on the defendant's brief and argument that the pleas to
those charges were not knowingly, intelligently, and voluntarily
made, a constitutional requirement.  There were two bases for
this argument:  1) that Mr. Rodriguez did not admit to the facts
constituting the elements of the offense and 2) there were
insufficient facts presented during the plea colloquy to
establish each element of the subject offense.  Specifically,
there was insufficient evidence that Mr. Rodriguez intentionally
committed an assault and battery or that he intentionally acted
recklessly causing an injury that was more than "trifling or
transient."  <u>See</u> Exhibit A adopting the arguments in defendant's
brief.  The Court of Appeals agreed with both arguments.  "[T]he
record must show that the defendant admitted to facts
constituting the unexplained elements or stipulated to such facts
with respect to the subject offense. . . The record does not and,
accordingly, the defendant's conviction upon his plea must be
vacated.  <u>Commonwealth v. Correa</u>, 43 Mass.App.Ct. at 717."  <u>Id</u>.
The court further held, "[a]dditionally, we agree with the
defendant that there were insufficient facts presented to

establish each element of the subject offense.  Commonwealth v. Delverde, 398 Mass. at 296-297."  Exhibit A.

4.  Without the 2004 assault and battery by dangerous weapon conviction, Mr. Rodriguez is not subject to the provisions of 18 U.S.C. § 924(e), the armed career criminal statute.  Where a state conviction which operated as a predicate offense is vacated post sentencing, the armed career criminal statute is no longer applicable and the defendant must be resentenced.  Under United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996)(permitting re-sentencing of prisoner sentenced under Armed Career Criminal Act, relying upon United States v. Custis, 511 U.S. 485 (1994)) and United States v. Brackett, 270 F.3d 60 (1st Cir. 2001)(extending Custis to sentencing guidelines), he is entitled to be re-sentenced.  See also Mateo v. United States, 398 F.3d 126 (1st Cir. 2005).

5.  The Presentence Report("PSR") calculated Mr. Rodriguez's total offense level, prior to application of the armed career criminal guideline, as 23.  PSR, ¶ 24.

6.  The PSR calculated Mr. Rodriguez's Criminal History Category to be V based upon 12 criminal history points.  PSR, ¶ 45.  Without the 2004 conviction for assault and battery by dangerous weapon there are 8 criminal history points which reduces the Criminal History Category to IV.

7.  With a total offense level of 23 and a criminal history category of IV, Mr. Rodriguez's guideline range would be 70-87 months.

CONCLUSION

For the reasons set forth above, Mr. Rodriguez contends that this Court should schedule a hearing so that he may be re-sentenced. (Mr. Rodriguez is currently incarcerated at USP Lewisburg.)

```
                              HERIBERTO RODRIGUEZ
                              By his attorney,


                              /s/ Catherine K. Byrne
                              Catherine K. Byrne
                                B.B.O. #543838
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

I, Catherine K. Byrne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 8, 2008.

```
                              /s/ Catherine K. Byrne
                              Catherine K. Byrne
```

# Exhibit A

Westlaw.

883 N.E.2d 343

71 Mass.App.Ct. 1116, 883 N.E.2d 343, 2008 WL 859479 (Mass.App.Ct.)

**(Table, Text in WESTLAW), Unpublished Disposition**

**71 Mass.App.Ct. 1116, (Mass.App.Ct.)2008 WL 859479**

Page 1

**H**

Com. v. Rodriguez
Mass.App.Ct.,2008.
NOTICE: THIS IS AN UNPUBLISHED OPIN-
ION.

Appeals Court of Massachusetts.
COMMONWEALTH,
v.
**Heriberto RODRIGUEZ.**
**No. 07-P-801.**

March 31, 2008.

*MEMORANDUM AND ORDER PURSUANT TO
RULE 1:28*

*1 On December 3, 2004, the defendant pleaded
guilty to assault and battery by means of a danger-
ous weapon, G.L. c. 265, § 15A (the subject of-
fense).[FN1] Thirty-three months later the defendant
filed a motion for new trial, Mass.R.Crim.P. 30(b),
435 Mass. 1501 (2001), asserting that his plea was
not intelligently made because he did not have
knowledge of the elements of the charges against
him, and, additionally, that there was no factual
basis for the subject offense. As to the first point,
the defendant cited to *Boykin v. Alabama,* 395 U.S.
238 (1969), and *Commonwealth v. Correa,* 43
Mass.App.Ct. 714 (1997). In support of the second
assertion, the defendant cited *Henderson v. Mor-
gan,* 426 U.S. 637, 645-646 (1976), *Commonwealth
v. DelVerde,* 398 Mass. 288 (1986), and Mass
.R.Crim.P. 12(c)(5)(A), 378 Mass. 869 (1979). By
written order the District Court judge denied the
motion for new trial and also denied the defendant's
motion for reconsideration of that ruling.[FN2]We
reverse.

> FN1. There were multiple companion of-
> fenses to the subject offense. Resolutions
> of those charges, however, are not part of
> this appeal.

> FN2. A transcript of the plea hearing was

submitted with the motion for new trial.

*Background.* The defendant was driving a car
which was being pursued by Fitchburg police Ser-
geant Howe. After attempting to evade the police,
the defendant was forced to stop by the police
cruiser. The defendant put his vehicle into reverse,
striking the police cruiser, and causing it to be
pushed. The defendant then left the scene, but
shortly thereafter was captured and arrested after
his car struck a cement wall.

At the time of plea, the judge began the plea col-
loquy with the defendant by questioning him about
his waiver of trial rights, the voluntariness of his
plea, and his understanding of the proposed sen-
tence, which was an assented-to recommendation.
Toward the end of the plea colloquy, the judge
asked the prosecutor to "tell me the facts." The
transcript reads, in pertinent part:

> PROSECUTOR: "Apparently, the officer, at
> some point, does cut him off and gets out of his
> vehicle, the Defendant then slams-apparently,
> puts his vehicle into reverse, and believes it as a
> result rammed into the cruiser and caused Ser-
> geant Howe to sustain some minor injuries. Ser-
> geant Howe's vehicle is being pushed. Sergeant
> Howe thought he was going to be severely hurt,
> he had banged his head on the window, police ra-
> dio had fallen from his hands...."

> [There follows a recitation of further facts not
> relevant to the subject offense, and some discus-
> sion of the other charges.]

> THE COURT: "Mr. Rodriguez, is this about the
> deal?"

> DEFENDANT: "Is this what?"

> THE COURT: "Is this about what happened?"

> DEFENDANT: "Yeah, yeah. It's pretty accurate."

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

883 N.E.2d 343

71 Mass.App.Ct. 1116, 883 N.E.2d 343, 2008 WL 859479 (Mass.App.Ct.)
**(Table, Text in WESTLAW), Unpublished Disposition**
**71 Mass.App.Ct. 1116, (Mass.App.Ct.)2008 WL 859479**

After that admission, the judge sentenced the de-
fendant and concluded the hearing.

END OF DOCUMENT

*Discussion.*

1. *Knowledge of the elements of the offense.*The
judge did not explain the elements of the subject of-
fense to the defendant, nor did the judge obtain a
representation that defense counsel had done so.
Accordingly, for this colloquy to satisfy the re-
quirements of *Henderson v. Morgan,* 426 U.S. at
645-646, and *Commonwealth v. McGuirk,* 376
Mass. 338, 343-344 (1978), the record must show
that the defendant admitted to facts constituting the
unexplained elements or stipulated to such facts
with respect to the subject offense. *Id.* The record
does not and, accordingly, the defendant's convic-
tion upon his plea must be vacated. *Commonwealth
v. Correa,* 43 Mass.App.Ct. at 717.

**\*2** We rely upon the reasoning and authorities on
pages 16 through 22 of the defendant's brief in
agreeing that the defendant did not admit to facts
constituting the elements of the subject offense.

2. *Factual basis.*Additionally, we agree with the de-
fendant that there were insufficient facts presented
to establish each element of the subject
offense.*Commonwealth v. Delverde,* 398 Mass. at
296-297. We rely upon the reasoning and authorit-
ies contained in the defendant's brief at pages 22
and 23, with reference back to pages 16 through 22,
as well.

3. *Conclusion.*The order denying the defendant's
motion for a new trial is reversed. The judgment is
reversed, and the finding on the subject offense is
set aside. The case is remanded to the District Court
for a new trial.

*So ordered.*

Mass.App.Ct.,2008.
Com. v. Rodriguez
71 Mass.App.Ct. 1116, 883 N.E.2d 343, 2008 WL
859479 (Mass.App.Ct.)

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit B

# Supreme Judicial Court for the Commonwealth of Massachusetts
## John Adams Courthouse
One Pemberton Square, Suite 1400, Boston, Massachusetts 02108-1724
Telephone 617-557-1020, Fax 617-557-1145

Martin J. Vogelbaum, Esquire
Federal Defender Office
408 Atlantic Avenue
3rd Floor
Boston, MA 02110


RE:  Docket No. FAR-16971

**COMMONWEALTH**
        **vs.**
**HERIBERTO RODRIGUEZ**

        Fitchburg District, WO No. 0416CR001613
        A.C. No. 2007-P-0801

                NOTICE OF DENIAL OF F.A.R. APPLICATION

        Please take note that on July 23, 2008, the above-
captioned Application for Further Appellate Review was denied.


                                Susan Mellen, Clerk


Dated: July 23, 2008

To:  Donna-Marie Haran, A.D.A.
     Martin J. Vogelbaum, Esquire